WILLIAM F. SCHULTE AND OTHERS v. C. P. FITCH AND OTHERS.[1]

March 5, 1925.

No. 25,203.

Testing cattle for tuberculosis.
    Former decision law of the case. [Reporter.]

    Animals, 3 C. J. p. 52, n. 13 New.
    Constitutional Law, 12 C. J. p. 1266, n. 79 New.

After the former appeal the cases were tried before Hanft, J., who made findings for the defendants. Judgment was entered and the plaintiffs appealed. Affirmed.

*Manahan, Hoogesteger & Manahan*, for appellants.

*Clifford L. Hilton*, Attorney General and *Victor E. Anderson*, Assistant Attorney General, for respondents.

PER CURIAM.

These actions attacking the constitutionality of chapter 269, p. 350, Laws of 1923, G. S. 1923, §§ 5416-5421, were before this court on an appeal

[1]Reported in 207 N. W. 639.

from an order refusing to issue a temporary injunction restraining the defendants from enforcing the statute. The case has now been tried and judgment entered, and the present appeal is from the judgment. The questions presented were fully considered on the former appeal and were resolved against the contentions of the plaintiffs. Schulte v. Fitch, 162 Minn. 184, 202 N. W. 719, to which reference is made for a statement of the facts.

Plaintiffs specially urge upon this appeal that creameries within the accredited tuberculosis-free area purchase cream produced by untested cows outside that area and mix it with cream from cows within the area. This fact does not go to the validity of the law but, if such creameries put out their products as coming from an accredited tuberculosis-free area, it may call for further regulations to protect the public from such frauds. Plaintiffs also urge that the law affords them no opportunity for a hearing upon the question of whether this plan for eradicating tuberculosis in cattle shall be adopted within the county. Laws for promoting or conserving the public health are not invalid because the regulations which they authorize are made effective without giving those affected by such regulations an opportunity to be heard upon the necessity or propriety of adopting them.

We adhere to the conclusions reached upon the former appeal and the judgment is affirmed.